FABRICIANO, TOMASA and FRANCISCO CARTAGENA, Plaintiffs and Appellees, *v.* ELÍAS RODRÍGUEZ, SÍNFORA RODRÍGUEZ, known as SÍNFORA or SINFOROSA CARTAGENA RODRÍGUEZ and JOSÉ VERGARA, Defendants and Appellants.

No. 8130. Argued March 6, 1941.—Decided May 6, 1941.

*José C. Rivera,* for appellants. *Luis Mendín Sabat,* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Fabriciano, Tomasa and Francisco Cartagena sued Elías Rodríguez, Sínfora Rodríguez also known as Sínfora or

Sinforosa Cartagena Rodríguez, and José Vergara, asking for a judgment declaring the nullity of certain entries made in the Civil and Vital Statistics Registries of Aguas Buenas and ordering the defendants to pay them two thousand dollars as damages, and costs and attorney's fees.

To that purpose they alleged three causes of action. By the first one they set up that they are the only legitimate heirs of Nicasio Cartagena López and his first wife, Josefa Hernández; that he died in Aguas Buenas on June 15, 1938, and left no will; that five days after his death, the defendant, Elías Rodríguez, appeared before the Vital Statistics Office of Aguas Buenas and by virtue of false representations had the codefendant, Sínfora Rodríguez, entered in the Registry as the legitimate daughter of Cartagena López and herself, it being stated in entry P-326 that Sínfora Rodríguez had been born on May 5, 1894, although Elías Rodríguez knew that she had been born on June 17, 1897, and that she had been baptized as her natural child in January 30, 1898, as appears at page 140 of volume 16 of Baptizements, at the Parish of the Three Wise Men at Aguas Buenas; that Cartagena López, who had been married to Josefa Hernández, married Elías Rodríguez on August 15, 1932, and that the defendant, Sínfora Rodríguez, married José Vergara, on September 8, 1923, under the name of Sinforosa Rodríguez, which name she has continued to use to the present day.

By the second cause of action the facts of the first one are repeated and it is added that the defendant, José Vergara, appeared before the Civil Registry of Aguas Buenas and requested and obtained the record of seven children had with the defendant Sínfora Rodríguez falsely stating that they were grandchildren of Cartagena López on their mother's side.

By the third cause of action the facts of the first two are repeated and it is added that by reason of the aforesaid false entries, the plaintiffs have been prevented from carrying out the partition of the estate left by their ancestor,

Cartagena López, and from receiving the shares that pertain to them therein, suffering damages which they estimate to be two thousand dollars.

As one of the plaintiffs—Francisco Cartagena Hernández —was under age, his whole brother Fabriciano was appointed guardian *ad litem* to represent him at the trial.

The defendants were summoned and they filed an extensive motion to strike and averring the nullity of the oath, which was dismissed. They then filed demurrers for want of facts against all three causes of action and also because there was another suit between the same parties for the same cause, and for misjoinder of actions. The demurrers were overruled by the court on July 21, 1939, and ten days were granted to answer.

The answer accepts the truth of some facts alleged in the complaint and denies others. It alleges that the entries were executed in accordance with the law and that the mistake in the date of Sinforosa's birth was committed in good faith.

As special defense and in opposition to the first cause of action it holds that Nicasio Cartagena López and Elías Rodríguez had love relations which began before 1894 and which lasted many years, while both were single and capable of marrying, and that from those relations Sinforosa, also known as Sínfora Cartagena y Rodríguez, was born; that Cartagena López always treated her as his daughter, in public and in private; that Cartagena López married Josefa Hernández on July 29, 1901, which marriage subsisted until the death of the wife which took place on July 21, 1928, and that on August 15, 1932, Cartagena López and Elías Rodríguez legalized their affairs contracting marriage and that their daughter Sinforosa became legitimized by virtue of the provisions of Section 180 of the Civil Code (1911 ed.).

As special defense and in opposition to the second cause of action the answer avers that since August 15, 1932, not

only was Sinforosa legitimized with the right to use the name of Cartagena but also her children born from her marriage to José Vergara.

And as special defense and in opposition to the third cause of action the answer maintains that said cause of action does not contain facts sufficient to establish it.

On August 18, 1939, the trial was held and the case was decided by judgment of September 21 in the following manner:

". . . the court finds for the plaintiff because it understands that Sínfora Rodríguez, known today as Sínfora Cartagena Rodríguez, was not the natural daughter of Nicasio Cartagena, and that when Elías Rodríguez recorded her as the former's legitimate child, she did so in violation of the provisions of Chapter 4, Book 1 of the Civil Code in force, and for that reason the entries made in the Vital Statistics Registry of Aguas Buenas under numbers P–326, 706 and 501, and the entries made in the Civil Registry of the same municipality, at pages 341, 538, 392, 349, 78, volumes 29, 30, 31, 32 and 34 of the Births Sections, are declared null and void, and the defendants are ordered to pay to the plaintiffs the amount of $500 as damages, with costs, expenses, and $150 for attorney's fees."

Against that judgment, the present appeal was filed. The hearing was held on March 6. The appellant's brief contains twelve assignments of error charged to the lower court as follows: the first two in dismissing the motion to strike out and annul the oath, and overruling the demurrers; the next five, in admitting in evidence the statement of facts and opinion in case No. 14,105, of the Humacao court, the baptismal certificate of Sinforosa Rodríguez, a negative certificate of the Vital Statistics Office of Aguas Buenas and seven joint certificates; the eighth, ninth and tenth, in not admitting in evidence the testimony of witness Laurentino Vargas, in striking from the record what Nicasio Cartagena had said to Vargas with respect to his intention to legitimize his daughter Sinforosa and in general in not admitting testimony of defendant's witnesses;

the eleventh in rendering judgment moved by bias, prejudice and partiality against the defendant Elías Rodríguez, and the twelfth in condemning the defendants to pay five hundred dollars as indemnity and to pay costs and attorney's fees.

 From the opinion we have formed of the case, the appeal lies because errors eight to ten, inclusive, have been committed. Those will be the only ones we will discuss at length. With respect to the first two it will be enough to say that the error that may have been committed in not striking out as requested is not apparent nor harmful; that the oath, although imperfect, is not void; and that the complaint states sufficient facts because if in truth the entries were made without basis and with malice, then their nullity must be decreed and if through them the legitimate and only heirs were hindered in the liquidation of the inheritance, and suffered damages, they have a right to indemnity. The five errors concerning the admission of evidence are not apparent either, due to the plaintiffs' purpose in presenting the documents and their value as proof, and the commission of the last two can be accepted as a consequence of numbers eight to ten. We do not have to decide as to the charge of bias, prejudice or partiality made to the trial judge.

Errors 8 and 9 are charged by the appellants as follows:

"8th. The court a quo committed error in not admitting in evidence the testimony of the defendants' witness, Mr. Laurentino Vargas, in his capacity as Evangelist minister, with respect to what was said to him by Nicasio Cartagena as to his purpose in marrying Elías Rodríguez, etc.

"9th. The court a quo committed error in ordering the striking out from the record of the statement made by Nicasio Cartagena to the defendants' witness Laurentino Vargas, Evangelist minister, with respect to his intention to legitimize his daughter Sinforosa, without it being requested by the opposite party."

From the transcript of the evidence with respect to the errors, there appears what we will set forth immediately.

The attorney for the defendants, after making detailed reference to the special defense to the first cause of action, called to the stand the witness Laurentino Vargas and the following happened:

"Defendant: What is your name?

"A. Laurentino Vargas.

"Q. Did you know Nicasio Cartagena?

"A. For twenty years.

"Q. Do you know Mrs. Elías Rodríguez?

"A. The same time.

"Q. And do you know Mrs. Sinforosa Cartagena Rodríguez for the same time?

"A. Not for the same time; less, around 15 years.

"Q. What is the witness's business?

"A. I am an Evangelist minister.

"Q. In what year did you know him for the first time?

"A. Since the year 1919.

"Q. Where did he live then?

"A. In the ward Bayamoncito of Aguas Buenas.

"Q. Was he married or was he living with some lady or in what way did he live?

"A. When I met him personally in 1919 I met him living with Mrs. Elías Rodríguez; they were not married.

"Q. Do you refer to this lady who is here?

"A. Yes, sir.

"Q. Do you know if around that date he was married to some other lady?

"A. I did not know.

"Q. But you knew later?

"A. I knew later that he had married while living with her. I never met his wife.

"Q. But you knew later?

"A. Yes, sir. He already had children by Elías Rodríguez.

"Q. How many?

"A. One.

"Q. Who was the child?

"A. The daughter, Sínfora. . .

"Q. Sinforosa?

"A. Sínfora Rodríguez.

. . . . . . . . . . .

"Q. How did you know that the lady was the daughter of Nicasio Cartagena?

"A. Because they themselves told me.

"Q. Who told you?

"A. Mrs. Elías Rodríguez and the deceased, Nicasio Cartagena and other friends.

"Plaintiff: We request that what the deceased said be stricken out.

"Judge: What does the witness say?

"Defendant: The statements made by the deceased.

"Judge: The court wants to ask now both attorneys if parol evidence can be admitted against documentary evidence with respect to the record of a person in the Registry of Vital Statistics.

"Defendant: There are two ways for a person to claim the registration of an illegitimate child as acknowledged or legitimate, one is the one that has been brought before the court and the other is by the statement of the father.

"Judge: Then what the witness has said here is immaterial. If there is documentary evidence as to the registration of Sínfora or Sinforosa Rodríguez, registration performed at the request of the mother, how can it be destroyed by parol evidence?

"Defendant: She appears afterwards recorded as daughter of Nicasio Cartagena.

"Judge: The court cannot admit evidence which is not admissible. This lady who is one of the parties herein, who is a defendant, Elías Rodríguez, how can she attack her own conduct when she appeared in 1898 to record a natural child as her own?

"Defendant: That is not an obstacle at all against her adopting the attitude she adopts now. This is one of our defenses. The plaintiff alleges that the registration was effected through deceit and we are going to prove that it was made by virtue of a marriage.

"Judge: Go ahead.

"Plaintiff: There is documentary evidence of her registration as a natural child.

"Judge: Natural daughter of Elías Rodríguez, Sínfora Rodríguez, that is the way she appears to have been baptized and recorded in the parish where she was baptized.

. . . . . . . . . . .

"Defendant: (Addressing the witness). What was your business in 1932?

"Witness: I was a minister of the Gospel.

"Q. Where?

"A. In Aguas Buenas.

"Q. Who performed the marriage of Elías Rodríguez and Nicasio Cartagena?

"A. Your humble servant.

"Q. Before the performance of that marriage, had Don Nicasio Cartagena spoken to you with respect to. . .

"Plaintiff: Don't answer.

"Judge: Grounds for objection.

"Plaintiff: The ground is the following: if the witness as Evangelist minister performed the marriage between Nicasio Cartagena and Elías Rodríguez, the only admissible proof is the document we have presented. No other proof of the statements made by Tom, Dick or Harry can be brought.

"Judge: What does not appears from the certificate is not admissible.

"Plaintiff: The witness is going to testify with respect to what Nicasio Cartagena told him.

"Judge: The document speaks for itself. The court sustains the objection.

"Defendant: It. seems that the court has not understood the matter very well.

"Judge: Yes, sir, the court has understood it, but it seems that counsel claims that the witness can refer to things which are not in the certificate.

"Defendant: Statements made by Nicasio Cartagena himself with respect to what was his purpose when he married. (He argues).

"Judge: The court has decided. The court does not allow the witness's statement as to that point.

"Defendant: We take exception for the reason that when we deal with the acknowledgment of a natural child or the legitimation of an illegitimate child, it is performed in two ways: first, by the act of the father stated in a public document and in order to do this it is necessary that the father shall appear before a minister of the Gospel, that is a priest, and tell him what he wants to do. The minister is here so that he can say what Nicasio Cartagena told him he wanted to do in order to give a name to his daughter.

"Judge: But he did not give her his name in a document.

"Defendant: For that reason, because he did not do so in a document, this is what must be done. And by the testimony of witnesses the evidence which shows what was the intention of the father in getting married is admissible.

"Judge: The court does not admit that evidence.

"Defendant: We take exception for the grounds stated before.

"Witness, please explain to the court all that you know.

"Witness: Mr. Nicasio Cartagena came to my house and expressed his wish to contract marriage. I was then coming to my house in the country, where they lived and he told me when I arrived there, his wish to get married because he wanted to fulfill a moral and social duty and at the same time to give a name to the family, to his children, because he had more children and he wanted to give them the same privileges. . .

"Q. Did he tell you something with respect to the daughter Sínfora. . . ?

"Plaintiff: We object and request that it be stricken out.

"Judge: Objection sustained. The court orders that the statement made to him by Nicasio Cartagena with respect to his intention to legitimize other children be stricken out.

"Defendant: What did he tell you that he wanted to do with respect to this child?

"A. That it was a social duty and that. . .

"Plaintiff: We object.

"Judge: Objection sustained."

The testimony of Vargas was admissible. The court's error is manifest. The testimony of the minister was not contrary to the marriage certificate. It tended to explain the purpose that Cartagena López, according to his own statements, had when he married Elías Rodríguez.

Paragraph 4 of Section 397 of the Code of Civil Procedure (1933 ed.)—Section 35 of the Law of Evidence—provides that:

"In conformity with the preceding provisions, evidence of the following facts may be given upon a trial:

. . . . . . . . . . .

"4. The act or declaration, verbal or written, of a person deceased or out of the jurisdiction of the court, in respect to the pedigree, birth, parentage, age, marriage, death, or relationship, of any person

related by blood or marriage to such person; the act or declaration of a deceased person done or made against his interest in respect to his property.''

And in the case of *López* v. *López*, 47 P.R.R. 794, this Court held:

''An attorney and notary public acting not as a lawyer but as notary with instructions from his client may testify regarding such instructions.''

See *Colón* v. *Succesion of Tristani*, 45 P.R.R. 219.

And that the error committed was prejudicial to the defendants is shown by the following excerpt from the opinion which serves as basis for the judgment. The trial court says:

''The court understands that the only question to be decided in this case is whether in accordance with the evidence presented, the conclusion can be reached that Sínfora Rodríguez, known today as Sínfora Cartagena, was the natural daughter of Nicasio Cartagena and María Elías Rodríguez. Beyond the testimony of María Elías Rodríguez, there is no evidence to convince the court that Sínfora Rodríguez known today as Sínfora Cartagena was a natural daughter of Nicasio Cartagena. According to the testimony of María Elías Rodríguez, and the documentary evidence consisting of her own statement in recording Sínfora Rodríguez in the Registry of Vital Statistics of Aguas Buenas in June 20, 1938 as legitimate daughter of Nicasio Cartagena, she was born in 1894, and according to her certificate of baptizement, she was born in the year 1897. The court believes that from the year 1894 or 1898 up to the year 1938, if Nicasio Cartagena had had the intention to acknowledge Sínfora Rodríguez as his natural daughter, he had time and opportunity to do so; and if María Elías Rodríguez had wished that the man whom she married in 1932 had acknowledge her daughter, nothing would have been easier than to so state in the declaration made by the parties at the marriage ceremony. None of this was done, which leads the court to the conclusion that Nicasio Cartagena did not acknowledge Sínfora Rodríguez, known today as Sínfora Cartagena, as his natural daughter.''

If the Evangelist minister who performed the marriage of Cartagena López with the defendant Elías Rodríguez had

testified in accordance to what was pointed out by the defendants' counsel, and his statement had merited full credit by the court, the final decision of the latter would have had to be different since it would have furnished the necessary evidence to conclude that Sínfora was the daughter of Cartagena López and Elías Rodríguez, who was born before Cartagena López married Josefa Hernández, deceased in 1928, and who became legitimized by the subsequent marriage of her parents in 1932. And then the tinge of malicious falsity which according to the complaint stains and annuls the entry, would disappear, and the errors which can be seen would be reduced to mere mistakes committed in good faith, which could serve as a basis for an order correcting them but not to a judgment of nullity as requested, and that would not be sufficient to uphold the grant of damages requested, because in substance, the truth would be that Sinforosa Rodríguez, the natural acknowledged child of Nicasio Cartagena López and Elías Rodríguez, born in 1897, was legitimized in 1932 by the subsequent marriage of her parents, and that her children could validly use their grand-parents' name, and the estate of Cartagena López should be distributed among all his heirs including among them Sínfora or Sinforosa.

In consequence thereof, the judgment appealed from must be reversed and the case remanded to the district court for a new trial.